UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Carey J. Bubacz,                       Bankruptcy Case No. 18-20204-PRW
    Carmen D. Bubacz,                  Chapter 13

                  Debtors.

## CASE MANAGEMENT ORDER
## DENYING OBJECTIONS TO CLAIM WITHOUT PREJUDICE

      Counsel to the debtors filed a motion objecting to the proof of claim of Goshen Mortgage (Claim #2-1) on May 31, 2018. (ECF No. 22). Counsel then filed an amended motion on June 17, 2018. (ECF No. 28). And then, on August 3, 2018, counsel filed yet another amended motion objecting to the same claim. (ECF Nos. 34, 36). The creditor filed a response to the motion. (ECF No. 39). The debtors filed a reply to the response, offering a stream-of-consciousness analysis of the objection—coupled with legal arguments mixed in. (ECF No. 40). Both parties are to be congratulated on generating pleadings containing so many words, with lots of attachments, while failing to advance the issue even one inch. Because the debtors' objection seems focused on a state court judgment of foreclosure, but that judgment has not been submitted by the debtors as an exhibit—instead relying on a Referee's "statement of computation"—and because the debtors have the burden of proof (not the Court), it is

      **ORDERED**, that the debtors' objections to the proof of claim of Goshen Mortgage is **DENIED, without prejudice**, (1) for lack of evidence to support the objection, and (2) in the interest of sparing the Court the burden of trying to determine the merits of the objection in its present slap-dash form; and it is further

      **ORDERED**, that before filing a (hopefully) cleaned-up motion objecting to the Goshen Mortgage proof of claim, counsel for both parties are to confer by telephone—in good faith—to find a fair and reasonable resolution to the dispute, as counsel already suggested would take place (ECF No. 31); and it is further

      **ORDERED**, that if counsel are unable to reach a consensual resolution and the debtors seek to challenge the creditor's proof of claim, counsel to the debtor **must** (1) file a certification that an effort at informal resolution was had, (2) file a motion, with allegations of fact *supported by evidence*, and (3) file a stand-alone memorandum of law with relevant points and authorities on the legal issues presented. *See In re Encore Prop. Mgmt.*, 585 B.R. 22, 27 n.2 (Bankr. W.D.N.Y. 2018) (Warren, J.). Any response by the creditor must comply with the same submission requirements.

      **IT IS SO ORDERED.**

Dated: September 7, 2018
       Rochester, New York

                                        HON. PAUL R. WARREN
                                        United States Bankruptcy Judge